# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOUNG KOH JAE, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| ABC FINANCIAL SERVICES, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

YOUNG KOH JAE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ABC FINANCIAL SERVICES, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Massachusetts, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Cambridge, Massachusetts 02141.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 8320 Highway 107, Sherwood, Arkansas 72120.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in late June or early July 2015 and continuing thereafter, Defendant began to contact Plaintiff on his cellular phone on a repeated basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. Plaintiff received automated calls that begin with a pre-recorded voice before calls were transferred to live agents.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect a Retro Fitness gym membership balance.

16. Desiring to stop the repeated calls, Plaintiff spoke with Defendant in February 2016 and revoked any consent that Defendant may have had to contact him on his cellular telephone.

17. Defendant heard and acknowledged Plaintiff's request to stop calling.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19. Defendant proceeded to ignore Plaintiff's revocation and continued to call his cellular telephone number, on average, multiple times per month.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes, as they were attempting to collect a balance remaining on Plaintiff's account.

24. Defendant's calls to Plaintiff after February 2016, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, YOUNG KOH JAE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call

pursuant to 47 U.S.C. §227(b)(3);

d.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YOUNG KOH JAE, demands a jury trial in this case.

Respectfully submitted,

DATED: July 25, 2016

/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com